IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TYRONE ELLIS                                                                                               PLAINTIFF

v.                                              Civil No. 6:20-CV-06060

SHARONDA LONG, NANETTE VOWELL,                                              DEFENDANTS
THOMAS DANIEL and LPN CANDACE
WARNER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Defendants' Motion for Summary Judgment for Want of Administrative Exhaustion and on the Merits.  (ECF No. 58).

### I.  BACKGROUND

Plaintiff filed his Complaint on June 11, 2020.  (ECF No. 1).  Plaintiff filed a Motion to Amend his Complaint on July 9, 2020, which was granted on July 10, 2020.  (ECF No. 5,6).  Due to deficiencies in Plaintiff's proposed Amended Complaint, however, the Court entered an Order directing Plaintiff to file a Second Amended Complaint to correct the deficiencies.  (ECF No. 7).  Plaintiff did so on July 23, 2020.  (ECF No. 8).  On August 14, 2020, Plaintiff was granted *in forma pauperis* status despite his § 1915(g) three-strike status because the allegations in his Amended Complaint arguably qualified him for the imminent harm exception.

Plaintiff alleges that his constitutional rights were violated by the denial of medical care for muscular sclerosis ("MS") while he was incarcerated in the Arkansas Division of Correction ("ADC") Ouachita River Unit.  (ECF No. 8 at 2-3).  For the first claim in his Complaint, Plaintiff

1

alleges that during the month of March 2020, Defendant Long, Advanced Practice Nurse ("APN"), denied him the "infusion medical treatment . . . Orcevus"[1] for his MS. (ECF No. 8 at 4-6). Plaintiff alleges Ocrevus was prescribed for him by a neurologist at the University of Arkansas for the Medical Sciences (UAMS), and he refers to ADC grievances SNH20-00003 and SNH20-00005 as evidence Defendant APN Long knew he was to receive the medication and she nonetheless disregarded the prescription. (*Id*.). Plaintiff alleges Defendant APN Long instead sought and received a prescription for the MS medication Mavenclad from "neurologist Mrs. Laura" in February of 2020. Plaintiff alleges this medication could be received by truck or mail.[2] (*Id*. at 6). Plaintiff proceeds against Defendant Long in her personal capacity. (*Id*. at 4).

For his second claim, Plaintiff alleges Defendants Dr. Thomas Daniel and Nannette Vowell[3] delayed his medical care on February 19th or 20th of 2020. (*Id*. at 7). Plaintiff again refers to ADC grievances SNH20-00003 and SNH20-00005. These Defendants were served and filed an Answer on March 17, 2021. (ECF No. 44). Plaintiff proceeds against these Defendants in their personal capacity. (ECF No. 8 at 7).

For his third claim, Plaintiff alleges Defendant Daniel and Defendant Candace Warner denied and delayed his medical care on May 11, 2020. (ECF No. 8 at 10). Plaintiff alleges they

---

[1] Due to some confusion in the record as to the proper spelling of this drug, the Court confirmed that this is the drug ocrelizumab, brand name Ocrevus. The proper spelling will be used in this Report and Recommendation. The drug is a monoclonal antibody which targets B cells, and is used to treat primary progressive and relapsing forms of muscular sclerosis. It is delivered by IV infusion. https://www.pdr.net/drug-summary/Ocrevus-ocrelizumab-24064 (last accessed Jan. 8, 2022).
[2] This MS medication is a tablet rather than an IV infusion. https://www.mavenclad.com/en (last accessed Jan. 8, 2022).
[3] Plaintiff originally identified these Defendants as John and Jane Doe. On September 22, 2020, Plaintiff filed a Motion requesting the Court's assistance in identifying the Doe Defendants. (ECF No. 19). This request was denied, and Plaintiff was advised to utilize the discovery process to determine the identity of any Doe Defendants. (ECF No. 20). Pursuant to the Initial Scheduling Order for this case, the identity of the Doe Defendant was to be submitted by February 1, 2021. (ECF No. 24). On January 26, 2021, Plaintiff identified John Doe as Dr. Thomas Daniel and Jane Doe as ADC Medical Director Nannette Vowell. (ECF No. 30).

denied him Ocrevus and Mavenclad.⁴ (*Id*. at 10-11). Plaintiff again refers to ADC grievances SNH20-00003 and SNH20-00005. (*Id*. at 11). Plaintiff proceeds against these Defendants in their personal capacity. (*Id*. at 10).

For his fourth claim, Plaintiff alleges Defendant Daniel and Defendant Warner denied and delayed his medical care on May 22, 2020. (*Id*. at 14-15). Plaintiff alleges they did so by denying him a special authorization to be fed by a nurse in the Unit Day Clinic. (*Id*.). Plaintiff again refers to ADC grievances SNH20-00003 and SNH20-00005. (*Id*. at 15). Plaintiff proceeds against these Defendants in their personal capacity. (*Id*. at 15).

Plaintiff seeks compensatory and punitive damages for his claims. (*Id*. at 16).

Defendants filed their Motion for Summary Judgment for Want of Administrative Exhaustion and on the Merits on August 10, 2021. (ECF No. 58). On September 17, 2021, the Court entered an Order (ECF No. 63) directing to file his Response by October 8, 2021, and Plaintiff did so on the deadline (ECF No. 64). Defendants filed their Reply on October 14, 2021. (ECF No. 65).⁵

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with

---

⁴ Plaintiff's exact statement is they delayed his treatment for "the medication Orcevus or Mavenclad a 10mg pill refer to Grievance number SNH20-00005." (ECF No. 8 at 11). In SNH20-00005, Plaintiff states that he should receive the medication prescribed by "neurologist Mrs. Laura" through "I.V. or pills." (ECF No. 59-2 at 16).
⁵ Plaintiff filed a Motion to Refile Response to Motion for Summary Judgment on January 13, 2022. (ECF No. 66.) Plaintiff states his original Response was filed "incorrect all out of Order." The Court has Denied this Motion in a separate Order. ( ECF No. 67.) The Court was easily able to ascertain in the Original Response Plaintiff's position and argument against the Motion for Summary Judgment.

the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

Defendants argue summary judgment in their favor is appropriate because: (1) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act prior to filing this lawsuit; and (2) Plaintiff cannot establish any cognizable civil rights claims for deliberate indifference to his serious medical needs. (ECF No. 58). Based on the summary judgment record before the Court, Plaintiff failed to exhaust his administrative remedies for any of his claims.

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

Plaintiff's claims center on his medical care and treatment at the ADC Ouachita River Unit. Defendants indicate he was transferred to that Unit on or about December 6, 2019. (ECF No. 58 at 1). Defendants identified five medical grievances filed by Plaintiff between the time he was transferred to the Unit and when he filed this lawsuit on June 11, 2020: SNH20-00001, SNH20-00003, SNH20-00005, SNH20-00009, and SNH20-00129. (ECF Nos. 59 at ¶10; 60 at 7). There is no dispute these are the only five medical grievances Plaintiff filed in the relevant timeframe.[6] (ECF Nos. 64-2 at 8 ¶ 10, 27 at ¶ 10; 64-4 at 10 ¶ 10. ). Based on the summary judgment record before the Court, none of these five grievances were administratively exhausted.

The ADC grievance policy requires an inmate to be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses. . . ." (ECF No. 59-1 at 7). "A Grievance must specifically name each individual involved in order that a proper investigation and response may be completed." (*Id*. at 5). Inmates are advised in the ADC

---

[6] Plaintiff's only dispute to Defendants' Statement of Fact paragraph 10 was that he "did not lodge grievances numbers SNH20-0009 and SNH20-00129 in the lawsuit complaint he filed June 11, 2020." (ECF Nos. 64-2 at 8 ¶ 10, 27 at ¶ 10; 64-4 at 10 ¶ 10. ).

grievance policy that failure to name all parties in the grievance may result in the dismissal of a subsequent lawsuit for failure to exhaust their grievance. (*Id*.).

In the grievances identified by Plaintiff, SNH-0003 and SNH-0005, the only individual identified in either grievance is "Mrs. Laura." (ECF Nos. 59 at ¶¶ 16, 17; 59-2 at 6-16). Based on text in the grievances, "Mrs. Laura" is a neurologist at UAMS. "Mrs. Laura" is not a Defendant in this case. Plaintiff does not dispute he failed to name any Defendant in either of these grievances. (ECF Nos. 64-2 at 9 ¶¶ 16, 17, 28 at ¶¶ 16, 17; 64-4 at 11 ¶¶ 16, 17).

In SN20-00001 Plaintiff did not name any Defendant to this case in the grievance. (ECF Nos. 59 at ¶ 15; 59-2 at 1-5). Additionally, the topic of the grievance was ambiguous at the Unit Level, but was interpreted in later grievance steps as concerning the receipt of the pain medication Baclofen as opposed to either Ocrevus or Mavenclad. (*Id*.). Plaintiff did not dispute either that he failed to name any Defendant or that the topic of the grievance was his non-receipt of Baclofen. (ECF Nos. 64-2 at 8 ¶ 15, 28 at ¶ 15; 64-4 at 11 ¶ 15).

Plaintiff did not complete the ADC grievance process for SNH20-00009 by filing an appeal to the Deputy Director for Health and Correctional Programs. (ECF Nos. 59 at ¶ 12; 59-2 at 17-19). Plaintiff does not dispute this fact. (ECF Nos. 64-2 at 8 ¶ 12, 27 at ¶ 12; 64-4 at 10 ¶ 12).

Plaintiff did not complete the ADC grievance process for SNH-00129 until August 17, 2020. (ECF Nos. 59 at ¶ 13; 59-2 at 20). As Plaintiff filed this lawsuit on June 11, 2020, Plaintiff did not complete the ADC grievance process for SNH-00129 prior to filing this lawsuit. Plaintiff does not dispute this fact. (ECF Nos. 64-2 at 8 ¶ 13, 27 at ¶ 13; 64-4 at 10 ¶ 13).

Thus, Plaintiff failed to exhaust his administrative remedies against Defendants prior to filing this lawsuit, and Defendants are entitled to summary judgment as a matter of law. As

6

Plaintiff failed to exhaust his administrative remedies, it is not necessary to address Defendants' arguments as to the merits of the case.

## IV.  CONCLUSION

Accordingly, I recommend that Defendants' Motion for Summary Judgment for Want of Administrative Exhaustion and on the Merits (ECF No. 58) be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.[7]

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of January 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[7] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003) (*per curiam*).