IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TYRONE ELLIS                                                              PLAINTIFF


v.                                        Civil No. 6:20-cv-6060


SHARONDA LONG; NANETTE VOWELL;
THOMAS DANIEL; and LPN CANDACE
WARNER                                                                   DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed January 19, 2022, by the

Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

(ECF No. 68).  Judge Bryant recommends that the Court grant Defendants' Motion for Summary

Judgment (ECF No. 58) and dismiss this case without prejudice because the record shows Plaintiff

did not fully exhaust his administrative remedies before filing this case.  Plaintiff objects.  (ECF

No. 69).  The matter is ripe for consideration.

## I.  BACKGROUND

On June 11, 2020, Plaintiff filed this case pursuant to 42 U.S.C. § 1983, alleging that

Defendants violated his constitutional rights on multiple occasions by delaying or denying

necessary medication to treat his multiple sclerosis while he was incarcerated in the Ouachita River

Corrections Unit of the Arkansas Department of Correction ("ADC").  Plaintiff alleges that these

deprivations took place on February 19 or 20, 2020; in March 2020; on May 11, 2020; and on May

22, 2020.  On August 10, 2021, Defendants filed a motion for summary judgment, contending that

they are entitled to summary judgment on the merits of Plaintiff's claims or, in the alternative, that

the case should be dismissed because, Plaintiff did not fully exhaust his administrative remedies

for any relevant grievance before filing this lawsuit.

On January 19, 2022, Judge Bryant issued the instant Report and Recommendation.  Judge Bryant notes that during the relevant period, Plaintiff filed five medical grievances that can be liberally construed as related to his claims in this case:  SNH20-00001, SNH20-00003, SNH20-00005, SNH20-00009, and SNH-20-00129.  Judge Bryant finds that Plaintiff did not fully appeal grievance SNH20-00009 and thus did not fully exhaust his administrative remedies with respect to that grievance.  Judge Bryant also finds that Plaintiff fully appealed grievance SNH-20-00129 but he filed this lawsuit before completing the appeal process, meaning that grievance cannot serve as the basis for this action.  Judge Bryant further finds that although Plaintiff fully appealed grievances SNH20-00001, SNH20-00003, and SNH20-00005 before filing this action, he did not name any Defendant in those grievances, in violation of the ADC grievance policy.  Thus, Judge Bryant recommends that Plaintiff failed to fully exhaust his administrative remedies before filing this case, meaning the case must be dismissed without prejudice.[1]

On February 7, 2022, Plaintiff filed objections, largely arguing that he has produced evidence showing that Defendants were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights.  He also argues that he fully exhausted his administrative remedies for grievances SNH20-00003 and SNH20-00005, pointing to the record of those grievances, which show they were appealed to the end of the ADC's administrative grievance appeal process.

## II.  DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a

---

[1] In light of this recommendation, Judge Bryant did not reach Defendants' summary judgment arguments on the merits of Plaintiff's claims.

party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). In the absence of objections, the Court "need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note, subd. (b); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (requiring a "clearly erroneous" standard of review for portions of a Report and Recommendation that are not objected to).

With that framework in mind, the Court turns to the instant Report and Recommendation. Although the Court believes that Plaintiff's objections are largely unresponsive to Judge Bryant's findings and analysis on exhaustion, the Court will nonetheless provide a *de novo* review of that issue. Judge Bryant finds that Plaintiff failed to fully exhaust his administrative remedies before filing this case, and thus, the case must be dismissed. The Court agrees for the following reasons.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter*

*v. Nussle*, 534 U.S. 516, 524-25 (2002).  If an inmate has not fully exhausted all available administrative remedies before filing the action, the lawsuit must be dismissed.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *see also Porter v. Sturm*, 781 F.3d 448, 452-53 (8th Cir. 2015) (requiring dismissal without prejudice of any unexhausted claims).

"[T]o properly exhaust administrative remedies[,] prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 599 U.S. 199, 218 (2007) (internal quotation marks omitted).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly*.").  A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).  The exhaustion requirement serves "to reduce the quantity and improve the quality of prisoner suits . . . afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524-25.

The ADC grievance policy in effect at the time of the alleged constitutional violations was Administrative Directive 19-34.  (ECF No. 59-1).  This directive sets out a three-step process to exhaust administrative remedies.  The first step is for an inmate to file an informal resolution with a designated problem solver within fifteen days of the complained-of incident.  The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate

submitting the form." (ECF No. 59-1, p. 7).  If the designated problem solver does not resolve the

problem or return the informal resolution form within three working days, the inmate may proceed

to step two by filing a formal grievance no later than six working days after the submission of the

informal resolution.  The warden (or health services administrator, for medical grievances) must

respond within twenty working days.  Within five working days of receiving the response, an

unsatisfied inmate may proceed to step three by appealing to the appropriate ADC chief

deputy/deputy/assistant director.  A written decision or rejection of an appeal is the end of the

grievance process.  If ADC staff are late in responding at step two or three, inmates may proceed

to the next step without a response.

> Administrative Directive 19-34 also includes the following warnings:
>
> Inmates are hereby advised that they must exhaust their administrative remedies as
> to all defendants at all levels of the grievance procedure before filing a Section 1983
> lawsuit or Claims Commission claim.  If this is not done, the lawsuit or claim may
> be summarily dismissed.
>
> . . .
>
> A Grievance must specifically name each individual involved in order that a proper
> investigation and response may be completed. . . .  An inmate who fails to name all
> parties during the grievance process may have his or her lawsuit or claim dismissed
> by the court or commission for failure to exhaust against all parties.

(ECF No. 59-1, pp. 5, 19).

Plaintiff does not dispute or otherwise address Judge Bryant's findings and

recommendations regarding exhaustion beyond arguing that the record shows he fully appealed

and exhausted grievances SNH20-00003 and SNH20-00005.  Before addressing those, the Court

will take up the other grievances.  The record shows that Plaintiff did not fully appeal grievance

SNH20-00009 as required by ADC policy.  Thus, he did not fully exhaust his administrative

remedies with respect to that grievance.  *Hammett*, 681 F.3d at 947.  The record also shows that

Plaintiff fully appealed grievance SNH-20-00129 as required by the ADC, finishing the appeal

process on August 17, 2020.  However, Plaintiff filed this lawsuit on June 11, 2020.  Thus, Plaintiff filed this lawsuit over a month before he fully exhausted his administrative remedies for that grievance, which he is not allowed to do.[2]  *Johnson*, 340 F.3d at 627.

That leaves Plaintiff's grievances SNH20-00001, SNH20-00003, and SNH20-00005. Plaintiff is correct that the record shows he completed the administrative appeal process for grievances SNH20-00003 and SNH20-00005 before filing this case.  However, Plaintiff failed to name any Defendant—or anyone at all who worked at the jail—in grievances SNH20-00001, SNH20-00003, and SNH20-00005.[3]  The ADC grievance policy explicitly requires inmates to specifically name individuals whose conduct gave rise to the grievance to allow for a proper investigation to be conducted as to that person's conduct.  Because those grievances did not name any individual other than a non-party private doctor in these three grievances, Plaintiff failed to "us[e] all steps that the agency holds out, and do[] so properly."  *Woodford*, 548 U.S. at 90 (emphasis omitted).  As a result, the ADC "was not asked to evaluate the conduct of" any of the Defendants in relation to the events described in these grievances.  *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014).  Thus, he failed to fully exhaust his administrative remedies as to those three grievances.

In sum, Plaintiff has not fully exhausted his administrative remedies with respect to any grievance before filing this case.  Accordingly, the Court must dismiss his claims against Defendants.  *Johnson*, 340 F.3d at 627.

---

[2] Even if the Court were to conduct the analysis using the date Plaintiff filed his amended complaint, August 10, 2020, he still did not complete the administrative appeal process for grievance SNH-20-00129 before filing his amended complaint.

[3] The only person named in those grievances is a "Mrs. Laura," who is described as a neurologist at the University of Arkansas for Medical Sciences.  "Mrs. Laura" is not a party to this case and nothing in the record indicates that she works for the ADC.  Rather, the grievances complained that ADC staff were not giving Plaintiff treatment previously prescribed by "Mrs. Laura."

### III. CONCLUSION

Being well and sufficiently advised, and upon conducting a *de novo* review of all issues related to Plaintiff's specific objections and finding no clear error on the face of the record for all issues that were not objected to, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 68) for the above-stated reasons.  Defendants' summary judgment motion (ECF No. 58) is hereby **GRANTED**.  Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 24th day of February, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge